**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ERIC TYRONE BROWN,

        Petitioner,

vs.                                   Case No.:    3:16-cv-746-J-34PDB
                                                                  3:06-cr-418-J-34PDB

UNITED STATES OF AMERICA,

        Respondent.

_____

**ORDER**

This case is before the Court on Petitioner Eric Tyrone Brown's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1; § 2255 Motion) and Supporting Memorandum (Civ. Doc. 8; Memorandum).[1] Brown pled guilty to one count of being a felon in possession of a firearm, and the Court sentenced him to a term of 188 months in prison after determining he qualified as an armed career criminal under 18 U.S.C. § 924(e). (See Crim. Doc. 60; Judgment).[2] Brown raises a single claim: that the Court incorrectly sentenced him under the Armed Career Criminal Act (ACCA) in light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The United States has responded (Civ. Doc. 11; Response), and Brown has replied (Civ. Doc. 13; Reply). Thus, the matter is ripe for review.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255

---

[1]     Citations to the record in the underlying criminal case, United States v. Eric Tyrone Brown, No. 3:06-cr-418-J-34PDB, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-746-J-34PDB, will be denoted as "Civ. Doc. __."
[2]     The Court later reduced Brown's term of imprisonment to 155 months after the United States filed a motion under Federal Rule of Criminal Procedure 35. (Crim. Docs. 61, 62).

1

Proceedings[3], the Court has determined that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[4] For the reasons set forth below, Brown's § 2255 Motion is due to be denied.

**I.   The ACCA and Johnson**

Under 18 U.S.C. § 922(g), a person convicted of being a felon in possession of a firearm is ordinarily subject to a maximum term of imprisonment of 10 years. Under the ACCA, however, that person is subject to an enhanced mandatory minimum sentence of 15 years in prison if he has three or more prior convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 924(e)(1). At the time of Brown's sentencing, the ACCA defined the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii)  is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). Subsection (i) of this provision is referred

---

[3]   Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.
[4]   Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

to as the "elements clause," the first nine words of subsection (ii) are referred to as the "enumerated clause," and the rest of subsection (ii), which is emphasized above, is referred to as the "residual clause." Mays v. United States, 817 F.3d 728, 730-31 (11th Cir. 2016).

In Johnson v. United States, the Supreme Court held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2557-58, 2563. However, the Supreme Court made clear that the elements clause and the enumerated clause remain unaffected. Id. at 2563. Later, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson applies retroactively on collateral review.

For a prisoner to successfully challenge his ACCA sentence based on Johnson, he must prove "more likely than not" that reliance on the residual clause led the sentencing court to impose the ACCA enhancement. Beeman v. United States, 871 F.3d 1215, 1220-22 (11th Cir. 2017), cert. denied, 139 S. Ct. 1168 (2019).

> Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

Id. at 1221. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." Id. at 1222.

Whether the sentencing court relied on the residual clause is a "historical fact,"

3

which is determined by reference to the state of affairs that existed at the time of sentencing. See id. at 1224 n.5. Thus, court decisions made afterward holding that a particular offense does not qualify under the elements clause or the enumerated offense clause "cast[ ] very little light, if any, on th[is] key question of historical fact." Id. A prisoner can establish that the sentencing court relied on the residual clause in two ways. First, the prisoner can point to "direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case." Id. at 1224 n.4. Alternatively, absent direct evidence, there will

> sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement. For example, there could be statements in the PSR [Presentence Investigation Report], which were not objected to, recommending that the enumerated clause and the elements clause did not apply to the prior conviction in question and did not apply to other prior convictions that could have served to justify application of the ACCA. Or the sentencing record may contain concessions by the prosecutor that those two other clauses do not apply to the conviction in question or others.

Id. A prisoner may also circumstantially prove that the ACCA sentence depended on the residual clause "if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." Id. at 1224 n.5 (emphasis added). However, if "'the evidence does not clearly explain what happened … the party with the burden loses.'" Id. at 1225 (quoting Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001)).

**II.     Discussion**

Brown is not entitled to relief from his ACCA sentence because he has not carried his burden under Beeman. Nothing in the PSR or the sentencing transcript (Crim. Doc. 68; Sentencing Tr.) suggests, directly or indirectly, that the Court relied on the residual clause

4

at the time it sentenced Brown. Because Brown cannot show that the Court "relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause," Beeman, 871 F.3d at 1221, he is not entitled to relief under Johnson.[5]

Additionally, when Brown pled guilty to being a felon in possession of a firearm, he admitted he had two prior convictions under Florida law for resisting an officer with violence. Plea Agreement at 15 ¶ 1, 16 ¶ 5.[6] Brown also admitted he had a prior conviction under Florida law for the sale or delivery of a controlled substance, id. at 16 ¶ 4, which he concedes is an ACCA predicate conviction, Memorandum at 3. The Eleventh Circuit has held, time and again, that resisting an officer with violence under Florida law is a crime that categorically qualifies as a violent felony under the ACCA's elements clause. United States v. Joyner, 882 F.3d 1369, 1378 (11th Cir. 2018); United States v. Hill, 799 F.3d 1318,

---

[5] When Brown pled guilty, he admitted to being an armed career criminal and acknowledged that he was subject to a mandatory minimum of 15 years in prison. Plea Agreement at 1 ¶¶ 1-2. At the sentencing hearing, Brown further admitted "he has a record which satisfies the requirements for being considered an armed career criminal in terms of convictions and having contact with the Court system." Sentencing Tr. at 11.

[6] Only one of the prior convictions for resisting an officer with violence was listed in the PSR. See PSR at ¶ 37 (listing 1996 conviction for resisting an officer with violence). However, Brown admitted to both convictions in his Plea Agreement, "so the government's introduction of the [second] conviction is not new evidence that was previously unknown to the parties and the court." Gordon v. United States, 522 F. App'x 537, 539 (11th Cir. 2013). See also Plea Agreement at 16 ¶ 5 (admitting to second conviction in 1998 for resisting an officer with violence). As such, the Court may properly count the second conviction in sustaining the ACCA sentence.

Brown cites United States v. Canty, 570 F.3d 1251 (11th Cir. 2009), for the proposition that the United States may not rely on any convictions other than those cited in the PSR to support the ACCA enhancement. Memorandum at 11. Brown's argument is unavailing because here, unlike in Canty, the United States did not affirmatively waive reliance on any prior conviction. Besides, the United States had no reason to raise any other qualifying convictions because Brown himself conceded at sentencing that he qualified as an armed career criminal. Sentencing Tr. at 11. Because Brown "did not object to the PSR or his sentence under the ACCA," whereas now he does, "strong reasons exist for allowing the government to present the additional evidence." Gordon, 522 F. App'x at 539 (citing United States v. Martinez, 606 F.3d 1303 (11th Cir. 2010)). This is particularly true here where Brown admitted the fact of the additional conviction in his Plea Agreement. Id.

5

1322-23 (11th Cir. 2015); see also United States v. Romo-Villalobos, 674 F.3d 1246, 1248-51 (11th Cir. 2012) (holding that resisting an officer with violence under Florida law is a "crime of violence" under the elements clause of U.S.S.G. § 2L1.2). Joyner, Hill, and Romo-Villalobos have not been overruled or abrogated, and thus they remain binding precedent.[7] Because Brown has two prior convictions for a violent felony and a third conviction for a serious drug offense, he would still qualify as an armed career criminal subject to the enhanced penalties called for by the ACCA. As such, Johnson affords Brown no relief.

### III. Certificate of Appealability

The undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Brown "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

---

[7] Brown argues that the Supreme Court abrogated Romo-Villalobos in Descamps v. United States, 133 S. Ct. 2276 (2013), and that following Descamps, resisting an officer with violence cannot categorically qualify as a violent felony under the elements clause. Memorandum at 5-10. This argument fails for two reasons. First, Descamps did not address the ACCA's elements clause or resisting an officer with violence. Descamps dealt with the appropriate use of the modified categorical approach to determine whether a prior burglary conviction counts as generic burglary under the enumerated clause. 133 S. Ct. at 2281-86. Even in two post-Descamps decisions, the Eleventh Circuit has held that resisting an officer with violence counts as a violent felony under the elements clause. Joyner, 882 F.3d at 1378; Hill, 799 F.3d at 1322-23. Second, even if Brown were correct, "Johnson does not serve as a portal to assert a Descamps claim." In re Hires, 825 F.3d 1297, 1303 (11th Cir. 2016). "A Johnson claim and a Descamps claim make two very different assertions," Beeman, 871 F.3d at 1220, such that filing a § 2255 motion within one year of Johnson does not make the distinct Descamps claim timely, id. at 1219-21.

6

further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Eric Tyrone Brown's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.
2. The Clerk should enter judgment in favor of the United States and against Brown, and close the file.
3. If Brown appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such

termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of May, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Petitioner